HEARD NOVEMBER TERM, 1873.

## Bank *vs.* Railroad Company.

An instrument of writing, having in every respect the form of a promissory note, except that the corporate seal was impressed, whereby a railroad corporation promised to pay to the order of A. a certain sum of money, *Held* to be a negotiable promissory note.

The seal of a corporation is equally appropriate as a means of evidencing its assent to be bound by a simple contract as by a specialty.

Before CARPENTER, J., at Columbia, October Term, 1873.

Action by the Central National Bank of Columbia, against the Charlotte, Columbia and Augusta Railroad Company.

The case is fully stated in the opinion of the Court.

*Rion,* for appellant.

*McMaster,* contra.

The following were the authorities cited upon the point on which the case was decided: For appellant—*Moss* vs. *Oakley,* 2 Hill. N. Y., —; *White* vs. *Vt. & Mass. R. R. Co.,* 21 How., 277 ; *Langston* vs. *So. Ca. R. R. Co.,* 2 S. C., 248; *Cockrell* vs. *Milling,* 1 Strob., 445; *Giles, Davis & Hill* vs. *Mauldin,* 7 Rich., 11. For respondent— *Eaves* vs. *Cantzon,* 1 Brev., 308; *McKain* vs. *Miller,* 1 McM., 314; Abb. Law of Corp., 207, §§ 1, 4; *Clark* vs. *Farmers' Woolen Co.,* 15 Wend., 256 ; *Delafield* vs. *Harris,* 2 Hill. N. Y., —; 8 Paige, 527 ; *Morris' Canal* vs. *Fisher,* 1 Stock., 667 ; *Carr* vs. *LeFever,* 27 Penn., 413 ; *Chopin* vs. *Vt. & Mass. R. R. Co.,* 8 Gray., 575; *White* vs. *Vt. & Mass. R. R. Co.,* 21 How., 575 ; *Brainard* vs. *N. Y. & H. R. R. Co.,* 25 N. Y., 496; 1 Pars. on Con., 291; 2 Pars. on Con., 721.

April 1st, 1874. The opinion of the Court was delivered by

WILLARD, A. J. The plaintiff sued upon a promissory note in the following form :

TREASURER'S OFFICE,

CHARLOTTE, COLUMBIA AND AUGUSTA RAILROAD CO.,

COLUMBIA, S. C., April 3, 1872.

$7,000.

Ninety days after date, The Charlotte, Columbia and Augusta Railroad Company promise to pay to the order of Jno. D. Caldwell seven thousand dollars, at Central National Bank, at Columbia, for value received.

[*Company's Seal.*]      (Signed)      .      C. BOUKNIGHT,

Treas. C., C. & A. R. R. Co.

Endorsed :

JNO. D. CALDWELL.

W. B. GULICK.

The plaintiffs are holders for value, having acquired the note before maturity, without notice of any defect of consideration. It is contended that the note is a specialty, and, as such, not negotiable ; ·that the consideration was the sale and delivery of certain promises in writing to pay money, issued by the State, and void, on the ground that they were issued in violation of that clause of the Con-

stitution of the United States that forbids the issuing by States of bills of credit, (see *Auditor* vs. *Treasurer,* 4 S. C., 311,) and that, therefore, the note is void.

The Circuit Judge submitted to the jury, as a question of fact, whether it was the intention of the parties to the note to make a negotiable note or an obligation under seal. The jury found a general verdict for the plaintiff, which is equivalent to finding that the parties intended making a negotiable note. The Circuit Judge refused a request to charge that as matter of law the note was not negotiable, to which an exception was taken. The present question is whether that ruling is conformable to law.

The only feature of the note that is referred to as importing an intent to create an obligation under seal is the impression of the seal of the corporation on its face. The note would be perfect without this impression, being signed by the proper officer of the corporation. It is in the ordinary form of a negotiable promissory note, with nothing beyond the mere presence of the seal itself to indicate an intention to give it any other character. The seal of a corporation is not, in itself, conclusive of an intent to make a specialty. It is equally appropriate as a means of evidencing the assent of a corporation to be bound by a simple contract as by a specialty. It is true that, ordinarily, negotiable instruments, made by corporations, are attested by the officers of the corporation without its seal. The Act of 3 and 4 Ann, 2 Stat., 544, contemplated both classes of notes as possessing a negotiable character, namely : those made by a corporation as such, and those made by the " servant or agent " of a corporation. If it is competent for a corporation to make a negotiable promissory note by its direct corporate act, then it is equally competent for it to attest such a note by its seal without destroying its negotiable character thereby. That a corporation possesses such competency is evidenced by the statute just referred to.

The authorities cited by appellants do not reach to the case in hand. We are not prepared to go beyond them in a direction where every step is a loss to legal certainty and to the convenience of commerce. The Circuit Court properly held the note to be negotiable.

The appeal should be dismissed.

*Moses,* C. J., and *Wright,* A. J., concurred.